Noble and Others *v.* Withers, Administrator.

———————•———————

## NOBLE and Others *v.* WITHERS, Administrator.

JUDGMENT.—*Form of.—Against Heirs.*—Where a widow who had been the second wife of her deceased husband, brought suit against the children by his first marriage, claiming an interest in certain real estate on the ground that her deceased husband had invested her money held by him as such in the property, which her labor and economy had assisted in improving;

*Held,* that it was not proper that a personal judgment should be rendered against the children and heirs.

WITNESS.—*Widow.*—In such a case, the widow cannot testify on the trial, unless required by the court or the opposite party, as to matters occurring prior to the death of the ancestor. Nor can she testify as to communications made to her by her husband during coverture.

SAME.—*Statute.*—The act of March 6th, 1865, on this subject was not changed by the act of March 11th, 1867.

APPEAL from the Allen Common Pleas.

DOWNEY, C. J.—Mary Noble sued Goodman T. Noble and others, heirs of Nathaniel Noble, deceased. In her complaint she states, in substance, that she was the second wife of the deceased, he having had a former wife, by whom he left the defendants as descendants and heirs; that the deceased left certain real estate in Allen county, of which he was owner in fee simple, and which is described in the complaint; that at the time of her marriage to the deceased, in 1835, she owned and held in her own right money, property, and effects, choses in action, and realty arising from her former husband's estate, to the amount of one thousand dollars, which the deceased converted into money to be held in trust for her; that he did not claim said money by his marital rights, or receive the same with intent to hold it as his own, but only as her trustee, in which capacity he held the same at the time of his purchase of the said real estate in Allen county, and used the same to pay a portion of the purchase-money of the said real estate; that she had, by her labor and economy, assisted to improve said land and to rear his children, who were young at the time of her marriage to him. She prayed for judgment for partition of the lands, and asked that one-third thereof, or so much thereof as she might be entitled to, be set apart to her in fee simple, or that an adequate and fair allowance be made to her out of said land, or the proceeds thereof, to repay to her the amount of her said property invested therein, and for general relief.

An answer consisting of several paragraphs was filed by the defendants, to some of which demurrers were sustained; when, without any reply, the case was tried by the court, and a special finding made and conclusions of law stated, to which there was an exception.

Motions for a new trial and in arrest of judgment were made and overruled, and judgment rendered for the partition of the land so as to set off to the widow one-third thereof for her life, and for eighteen hundred and thirty-nine

dollars and eight cents as a personal judgment against the defendants, and that she have a lien on the land therefor.

Twenty-one errors are assigned by the appellants. We will not examine all of them. There is no brief for either party. The judgment, as a personal judgment against the defendants, cannot be sustained.

On the trial of the cause, the plaintiff was admitted as a witness for herself over the objection and exception of the defendants, and testified to her claim for the money on which the judgment was rendered against the heirs, and the lien declared against the land.

It is provided " that in all suits by or against heirs, founded on a contract with or demand against the ancestor, the object of which is to obtain title to or possession of land or other property of such ancestor, or to reach or affect the same in any way, neither party shall be allowed to testify as a witness as to any matter which occurred prior to the death of such ancestor, unless required by the opposite party or by the court trying the cause," etc. 3 Ind. Stat. 560, sec. 2. Much of this testimony consisted of the narration of communications made by her deceased husband to the witness during coverture, which was wholly inadmissible under another provision of the statute, as well as at common law. 2 G. & H. 170, sec. 240; 1 Phillipps Ev. 78; 1 Greenleaf Ev. sec. 337.

It is not necessary to consume more time by a further examination of this record.

The judgment is reversed, with costs, and the cause remanded, with instructions to grant a new trial, and for further proceedings.

WORDEN, J., was absent.

### ON PETITION FOR A REHEARING.

DOWNEY, C. J.—In a brief filed with a petition for a rehearing, counsel for the appellee, for the first time, attempt to aid us in coming to correct conclusions in this case.

They call our attention to the fact that the cause was tried before the act of March 11th, 1867, cited in the opinion, took effect. But this will not mend the matter, for that act was only a re-enactment of the act of March 6th, 1865, (Acts 1865, p. 58) which was in force when the cause was tried, and which, on the point in question, was the same as the act cited.

On the other point, relating to the exclusion of the evidence of the wife of communications made to her by her husband, we see no reason to change our opinion.

Let the petition be overruled.

*D. H. Colerick* and *W. G. Colerick,* for appellants.

*J. Morris* and *W. H. Wethers,* for appellee.